IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EARL DANIEL COOPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-145 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner EARL DANIEL COOPER has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th District Court of Potter County, Texas for the offense of possessing or obtaining a controlled substance by fraud and the resulting fifteen-year sentence. The Court in which petitioner originally filed his petition, the Tyler Division of the Eastern District of Texas, has transferred the case to this Court. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

I.
PROCEDURAL HISTORY IN THE FEDERAL COURTS

In June 2009, petitioner Cooper filed with this Court a habeas corpus petition challenging a November 7, 2008 conviction, cause number 57019-E, out of 108th District Court of Potter County, Texas, for the offense of possessing or obtaining a controlled substance by fraud. *See*

*Cooper v. Thaler*, No. 2:09-CV-141, doc. #1. The Court, upon the Report and Recommendation of the undersigned, ultimately denied the petition. *Id.*, doc. # 9. The Fifth Circuit Court of Appeals denied petitioner's request for a Certificate of Appealability.

In the filing currently before the Court, petitioner again challenges the November 7, 2008 conviction in cause number 57019-E out of the District Court of Potter County, Texas. Petitioner openly discusses his prior habeas corpus proceeding before the Court, and goes so far as to correctly title the instant pleading as a "Subsequent Petition for a Writ of Habeas Corpus by a Person in State Custody." (Original Petition, doc. #1, pgs. 1, 12).

Petitioner raises the following grounds of error in the instant petition:

1. The sentence exceeded the maximum punishment allowed by law.

2. Petitioner never actually possessed a controlled substance, but only attempted to possess a controlled substance.

3. The trial court erred by not ordering a psychiatric examination, which would have established petitioner was mentally impaired prior to and during the offense.

4. Petitioner received ineffective assistance of counsel because his attorney coerced him into pleading guilty.

5. Petitioner received ineffective assistance of counsel because his attorney failed to alert petitioner to an error in the Indictment.

6. Petitioner is entitled to a new trial because he was denied his constitutional right to conflict-free counsel.

7. Petitioner's trial was based upon a faulty and defective Indictment.

8. Petitioner's admission of guilt was involuntary.

Petitioner raised the first four of these arguments when he was before the Court in cause number 2:09-CV-141. Arguments five through eight, to the extent they are not duplicative of the first four contentions, were not presented in the first habeas corpus petition.

II.
PERMISSION TO FILE THE INSTANT PETITION

Title 28 U.S.C. section 2244(b)(3)(A) provides that *before* a second or successive 2254 habeas corpus application permitted by section 2244(b)(2) is *filed* in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) creates a "gatekeeping" mechanism at the appellate court level for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (holding the statute "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court").

Permission to file a successive 28 U.S.C. section 2254 petition may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

The strictures of section 2244(b)(2) allow a district court to consider a claim presented in a second or successive habeas application[1] that was not presented in a prior application only if the claim (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review

---

[1] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of tampering with an identification number, cause number 31-337-E, out of Potter County, Texas.

by the Supreme Court, that was previously unavailable;" or (2) is based on a factual predicate that "could not have been discovered previously through the exercise of due diligence" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2).

The arguments petitioner now presents do not rely on previously unavailable rules of constitutional law made retroactive to cases on collateral review by the Supreme Court.  *See id.*  Additionally, half of petitioner's arguments in the instant petition are identical to those presented and discussed in petitioner's first habeas corpus petition.  All of the new arguments petitioner makes in the instant petition are based, in some form, upon the same factual predicate present at the time petitioner submitted his first habeas corpus application.  The Court recognizes that since the time this Court issued judgment in petitioner's first habeas corpus petition, petitioner has returned back to the Texas Court of Criminal Appeals and presented additional habeas corpus applications to that court.[2]  The factual predicate for all of the issues petitioner now presents, however, has not changed since the time of the original state court conviction.  *See id.*

Even if it were the opinion of this Court that petitioner had met the section 2254(b)(2) requirements, however, this Court is bound by the law of Title 28 U.S.C. section 2244(b)(3) and therefore cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so.  Petitioner has failed to demonstrate he has obtained such authorization to file the pending federal habeas corpus petition.

---

[2] According to the online database maintained by the Texas Court of Criminal Appeals, the court dismissed all of petitioner's subsequent habeas corpus applications pursuant to Texas Code of Criminal Procedure article 11.07, section 4.

Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition, this Court has no authority to consider his request for relief. *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012) (stating if a habeas petition is second or successive, the district court does not have jurisdiction to consider the petition until the petitioner first obtains authorization by the Fifth Circuit to continue with the successive petition).

Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner EARL DANIEL COOPER be DISMISSED as successive.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of July 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).